**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RANDY DEAN NICHOLS JR., | : | Case No. 2:24-cv-00104 |
| Plaintiff, | : | |
| | : | District Judge Edmund A. Sargus, Jr. |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| JOHN MICHAEL WARNECKE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff Randy Dean Nichols Jr. filed this civil rights lawsuit under 28 U.S.C. § 1983 against several law enforcement officers, law enforcement agencies, and local officials. Plaintiff's claims arise from his arrest by officers of the Washington Court House Police Department and the conditions of his confinement at the Fayette County Jail. (Complaint, Doc. No. 4, PageID 68, 70 & 78.) Plaintiff is proceeding both *in forma pauperis* (i.e., he is excused from paying certain costs at all, and is permitted to pay the remaining costs over a period of time) and *pro se* (i.e., without the assistance of counsel).

This matter is before the undersigned United States Magistrate Judge to conduct the required initial screen of Plaintiff's Complaint. For the reasons set forth below, the undersigned **ORDERS** that Plaintiff be allowed to proceed with some of his claims at this time and **RECOMMENDS** that Plaintiff's remaining claims be **DISMISSED**.

I.     **LEGAL STANDARDS**

    A.     **Requirement To Screen Plaintiff's Complaint**

Because Plaintiff is a prisoner who is seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court must screen the Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Prison Litigation Reform Act of 1995 ("PLRA") § 805 (codified at 28 U.S.C. § 1915A(b)); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners").

The Court is also required to screen the Complaint because Plaintiff is proceeding *in forma pauperis*. Congress enacted 28 U.S.C. § 1915, the *in forma pauperis* statute, for the purpose of "lower[ing] judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 5, 31 (1992). However, "Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id*. (internal quotations and citation omitted). Therefore, the Court must dismiss an *in forma pauperis* complaint to the extent it "determines that the action … (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### B. Determining That A Complaint Is Frivolous

A complaint is frivolous if the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of being irrational or 'wholly incredible.'" *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true any factual allegations that are "fantastic or delusional," *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010), or "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429-30 (6th Cir. 2009).

### C. Determining That A Complaint Fails To State A Claim Upon Which Relief May Be Granted

The Court is also required to dismiss complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). To avoid dismissal under this standard, the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that

the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under §§ 1915A(b)(1) and 1915(e)(20(B)(ii)"). Thus, the complaint must include factual allegations that are both **well-pleaded** and **plausible**.

Factual allegations are well-pleaded if they are specific and support the plaintiff's claims. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (courts need not accept "non-specific factual allegations and inferences"). "[A] legal conclusion couched as a factual allegation" is not well-pleaded and need not be accepted as true. *Twombly*, 550 U.S. at 555; *see 16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) ("[C]onclusory allegations … that the defendant violated the law" do not state a claim on which relief can be granted); *Frazier*, 41 F. App'x at 764 (6th Cir. 2002) (courts need not accept "unwarranted legal conclusions").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also 16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (internal quotations and citation omitted) ("[T]he sufficiency of a complaint turns on its factual content, requiring the plaintiff to plead enough factual matter to raise a plausible inference of wrongdoing."). Whether an inference is plausible "depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Iqbal*, 556 U.S. at 678.

4

### D. Liberal Construction Of *Pro Se* Complaints

This Court is required to liberally construe a *pro se* complaint and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This standard may require "active interpretation in some cases [in order] to construe a *pro se* petition to encompass any allegation stating federal relief." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). Nevertheless, a *pro se* complaint must adhere to the "basic pleading essentials" and the Court should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Instead, the complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

### E. Claims Brought Under Section 1983

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 authorizes a cause of action "against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a cause of action under Section 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS

Plaintiff's claims arise from the circumstances surrounding his December 2022 arrest and his treatment at the Fayette County Jail during the days and weeks after his

arrest. (Complaint, Doc. No. 4, PageID 68, 70 & 78.) Plaintiff asserts claims under Section 1983 and has sued fifteen Defendants in their official and individual capacities. (*Id*. at PageID 65-66, 76, 77 & 80; Civil Cover Sheet, Doc. No. 1-3 at PageID 27.) Plaintiff seeks $750,000 in monetary damages. (Doc. No. 4 at PageID 69.)

**WCHPD Individual Defendants.** Plaintiff asserts excessive force claims against three members of the Washington Court House Police Department ("WCHPD") who arrested him, namely: Detective John Warnecke, Detective Matthew Ellis, and Patrolman Adam Rummer.[1] (Doc. No. 4, PageID 65-67 & 76-79.) Plaintiff alleges that at the time of his arrest, he was:

> yanked out of a backseat of a car . . . and immediately slammed [] face down on the pavement, and while sitting on me and holding all parts of my person pinned down with my hands forced between me and the ground, I was being held down by their bodyweight by one officer placing his leg across the back of my neck incapacitating any movement of my head[.] [M]eanwhile officer Adam Rummer and John Doe held my legs and arms and detective Matt Ellis and Detective John Warnecke straddled each side of my torso area and repeatedly punched me [with "closed fist strikes."]

(Doc. No. 4, PageID 78.) Plaintiff alleges that he was injured as a result of Defendants' alleged conduct and later received medical care at a hospital. (*Id*.)

Plaintiff also names WCHPD Patrolman Ed Stapleton as a Defendant. (Doc. No. 4, PageID 67 & 76-78.) Plaintiff's sole allegation relating to Defendant Stapleton is that he was present during the arrest. (*Id*. at PageID 79.) For purposes of this initial screen, the

---

[1] Although Plaintiff also described conduct by a "John Doe" officer, he did not name John Doe as a Defendant. (Doc. No. 4, PageID 65-67, 76-77 & 79-80.)

undersigned will liberally construe the Complaint as asserting a failure-to-intervene claim against Defendant Stapleton.

Finally, Plaintiff has sued WCHPD Chief Jeff Funari but has not included any factual allegations about him in the Complaint. (Doc. No. 4, PageID 67 & 76-78.) For purposes of this initial screen, the undersigned will liberally construe the Complaint as asserting a claim for supervisory liability against Defendant Funari.

**FCSO Individual Defendants.** Plaintiff asserts claims for "cruel and unusual punishment" against Corporal Kodi Jackson, Deputy Josh Cash, Chief Andrew Bivens, and Captain Ryan McFarland, all of whom are members of the Fayette County Sheriff's Office ("FCSO"). (Doc. No. 4, PageID 78.) These Defendants either worked at or had responsibilities related to the Fayette County Jail ("Jail"), where Plaintiff was detained after his arrest. (*Id*. at PageID 78-79.) Plaintiff alleges that after being "strip searched thoroughly and ran through a body scanner," he was "placed in a cell for days with no running water or plumbing and nothing to drink," because staff suspected he was hiding contraband. (*Id*. at PageID 78.) "This went on for days," he says:

> I had to beg [Jackson and Cash] for something to drink. I finally received a phone call and informed my fiance of the situation and seriousness of it, she immediately called [Chief Bivens] and told him what was going on. [He] said staff said it was because of "suspected contraband" as to why I was being treated that way. . . . This caused severe mental anguish and humiliation as I was begging for something to drink and pain from the beating was intensified from being subjected to these other violations[.] . . . Periodically, and throughout the ordeal Captain McFarland would come in and threaten me and said, "I hope you die in jail this time" and that my heart would stop because he is aware I'm in process of having open heart surgery to replace my tricuspid and mitral valve.

7

(*Id.*) The Court notes that cruel and unusual punishment claims may not be asserted by pretrial detainees, including Plaintiff, who are not convicted and therefore are not being punished. Instead, the Court will liberally construe the Complaint as asserting conditions of confinement claims under the Due Process Clause of the Fourteenth Amendment.

Plaintiff also asserts a false imprisonment claim against Captain McFarland based on his allegation that he was released from the Jail after the date when he should have been released. (Doc. No. 4, PageID 78-79.) Specifically, Plaintiff alleges that Captain McFarland changed his release date in the computer from January 7, 2023, when his sentence expired, to January 9, 2023. (*Id*. at PageID 79.)

Finally, Plaintiff names FCSO Lieutenant Matthew Weidman as a Defendant but has not included any factual allegations about him in the Complaint. For purposes of this initial screen, the undersigned will liberally construe the Complaint as asserting a claim for supervisory liability against Defendant Weidman.

**Law Enforcement Agency Defendants.** Plaintiff has named the Washington Court House Police Department and the Fayette County Sheriff's Office as Defendants, but has not asserted a specific claim against them. (Doc. No. 4, PageID 76-77.) For purposes of this initial screen, the undersigned will liberally construe the Complaint as asserting claims for *Monell* liability against the Law Enforcement Agency Defendants.

**Commissioner Defendants.** Plaintiff has sued Fayette County Commissioners Tony Anderson, Dan Dean, and Jim Garland, but has not asserted a specific claim against them. (Doc. No. 4, PageID 67, 77, 80.) For purposes of this initial screen, the

undersigned will liberally construe this Complaint as asserting claims for supervisory liability against the Commissioner Defendants.

### III. LAW AND ANALYSIS

#### A. Claims Allowed To Proceed At This Time

At this stage of the proceedings, without the benefit of an answer or other briefing, the undersigned **ORDERS** that Plaintiff be permitted to proceed with the claims described below. The undersigned expresses no opinion on the merits of these claims or whether Plaintiff will ultimately obtain the relief he seeks. The Court is simply concluding that these claims may proceed to further development at this time.

**Excessive Force Claims.** Plaintiff may proceed with his excessive force claims against Defendants Warnecke, Ellis, and Rummer in their individual capacities only. The Court does not decide, at this time, which Amendment of the U.S. Constitution applies to these claims. *See Lucas v. Cassidy,* No. 1:22-cv-774, 2023 WL 3450676, at *6 (S.D. Ohio May 15, 2023) (citing *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013)) (noting that "the Eighth Amendment's ban on cruel and unusual punishment bars excessive force against convicted persons" and the Fourth Amendment applies to free citizens, but "[w]hen a citizen does not fall clearly within either category—e.g., pretrial detainees—the Fourteenth Amendment's more generally applicable Due Process Clause governs to bar a governmental official's excessive use of force.").

**Failure-To-Intervene Claim.** Plaintiff may proceed with his failure-to-intervene claim against Defendant Stapleton in his individual capacity only. *See Goodwin v. City of Painesville,* 781 F.3d 314, 328 (6th Cir. 2015) ("[A] police officer may be held liable for

9

failure to intervene during the application of excessive force when: (1) the officer observed or had reason to know that excessive force would be or was being used; and (2) the officer had both the opportunity and the means to prevent the harm from occurring.") (cleaned up).

**Conditions Of Confinement Claims.** Plaintiff may proceed with his conditions of confinement claims against Defendants Jackson, Cash, Bivens, and McFarland in their individual capacities only. However, with respect to Defendant McFarland's alleged verbal harassment of Plaintiff, the undersigned notes that "[h]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation." *Mallory v. Smith*, No. 3:17-cv-P253, 2017 WL 3484690, at *3 (W.D. Ky. Aug. 14, 2017) (collecting cases).

**False Imprisonment Claim.** Plaintiff may proceed with his false imprisonment claim (also referred to as an over-detention claim) against Defendant McFarland in his individual capacity only. *See Rhoades v. Tilley*, No. 21-5899, 2022 WL 684576, at *2 fn.1 (6th Cir. Mar. 8, 2022) (quoting *Jones v. Tilley*, 764 F. App'x 447, 449 (6th Cir. 2019)) ("The right 'not to be detained past the expiration' of a term of incarceration can be analyzed under the Eighth Amendment, Fourteenth Amendment, or both.").

**B.     Claims Recommended For Dismissal**

**1.     Claims against the Law Enforcement Agency Defendants**

Plaintiff's claims against the Fayette County Sheriff's Office and the Washington Court House Police Department should be dismissed because these Defendants are not separate entities that can be sued. *See Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D.

10

Ohio 2002). It is well-established that police departments "are not independent government entities. They are only the vehicles through which municipalities fulfill their policing functions." *Davis v. Bexley Police Dept.*, No. 2:08-cv-750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) (citing *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987)). "Thus, police departments are not proper § 1983 defendants as they are 'merely sub-units of the municipalities they serve.'" *Id.* (quoting *Jones v. Marcum*, 197 F.Supp.2d 991, 997 (S.D. Ohio 2002)). *See also Patterson v. Cincinnati Police Dep't.*, No. 1:22-cv-490, 2022 WL 4007610, at *3 (S.D. Ohio Sept. 2, 2022), *report and recommendation adopted*, 2022 WL 16555799 (S.D. Ohio Oct. 31, 2022) ("The Cincinnati Police Department is 'a mere arm of the City' and 'not its own entity' and is therefore 'not capable of being sued.'").

In addition, Plaintiff's claims against the Law Enforcement Agency Defendants should be dismissed because law enforcement agencies are not "persons" as that term is used in Section 1983. *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336 (6th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)); *see also Sullivan v. Lake Cnty. Sheriff's Dep't*, No. 1:23-cv-369, 2023 WL 3866334, at *1 (N.D. Ohio June 7, 2023) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)) ("A sheriff's department is not a 'person' subject to suit under § 1983."); *Thompson v. Branch*, No. 1:24-cv-2, 2024 WL 579756, at *5 (S.D. Ohio Feb. 13, 2024), *report and recommendation adopted*, 2024 WL 4278310 (S.D. Ohio Sept. 24, 2024) (the "Cincinnati Police Department is not a person."). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claims against the Law Enforcement Agency Defendants be **DISMISSED.**

### 2. Claims against Defendant Funari, Defendant Weidman, and the Commissioner Defendants

As an initial matter, Plaintiff's claims against Fayette County Commissioners Anderson, Dean, and Garland, FCSO Lieutenant Weidman, and WCHPD Chief Funari should be dismissed because the Complaint contains no allegations about them. Even a *pro se* plaintiff is required to plead sufficient facts to show how *each defendant* allegedly violated his or her rights. *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (citing *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *see also Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) (courts "are not required to conjure up allegations not pleaded or guess at the nature of an argument").

Even construing the Complaint liberally as asserting supervisory liability claims against these Defendants, such claims must be dismissed. A complaint must include facts that show each defendant's "personal involvement" in the situation. *Kinsey v. County of Lorain*, No. 1:17-cv-24122, 2018 WL 4075878 at *3 (N.D. Ohio Aug. 27, 2018). The mere fact that a defendant has a particular rank or position, or supervises other defendants who allegedly violated plaintiff's rights, is not enough to state a claim under Section 1938. *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)) ("[A] supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated

the constitutional rights of another"); *Evans v. Franklin Cnty. Corr. II*, No. 2:22-cv-3669, 2022 WL 17843932, at *4 (S.D. Ohio Dec. 22, 2022), *report and recommendation adopted*, 2023 WL 254558 (S.D. Ohio Jan. 18, 2023) ("[I]t may be that these individuals were named because of their supervisory position or rank . . . . But rank or position alone is insufficient to hold a person liable under § 1983.").

In addition, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability." *Hinton v. Skipper*, No. 1:21-cv-480, 2021 WL 4859744, at *2 (W.D. Mich. Oct. 19, 2021) (citing *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); and *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)). Rather, individuals sued in their personal capacity under Section 1983 are liable only for their own unconstitutional behavior. *Hollis v. Erdos*, 480 F. Supp. 3d 823, 833 (S.D. Ohio May 12, 2020) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011)). For a claim against a supervisor to proceed, "a plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (quoting *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 865 (6th Cir. 2020)) (cleaned up).

Finally, Plaintiff's claims against the Commissioner Defendants should also be dismissed because, as a matter of law, these county commissioners do not have supervisory authority over the WCHPD, the FCSO or the Jail. *Hunter v. Hamilton Cnty. Bd. of Commissioners*, No. 1:21-cv-544, 2022 WL 22626424, at *3 (S.D. Ohio June 15, 2022) and 2024 WL 1374800 (S.D. Ohio Mar. 29, 2024) ("Case law from and within the

13

Sixth Circuit overwhelmingly supports the conclusion that Ohio law does not grant the Board [of County Commissions] power or authority over the" sheriff's office or local jail); *Armstead v. Baldwin*, No. 2:19-cv-4857, 2019 WL 6887639, at *2 (S.D. Ohio Dec. 18, 2019), *report and recommendation adopted*, 2020 WL 613934 (S.D. Ohio Feb. 10, 2020) (concluding that "allowing amendment to add the Franklin County Commissioners [as defendants] would be futile" because the sheriff, not the county commissioners, had control over jail operations).

For all of these reasons, the undersigned **RECOMMENDS** that the Court **DISMISS** all claims against Defendants Anderson, Dean, Garland, Weidman and Funari.

### 3.   Official capacity claims asserted against Individual Defendants

Although the Court is permitting Plaintiff to proceed with his claims against eight Individual Defendants, Plaintiff may only sue these Defendants in their individual (or personal) capacities. All claims against these Defendants in their official capacities should be dismissed.

It is well-established that a claim against an individual defendant in his official capacity is actually a claim against the entity that employs him. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits … generally represent only another way of pleading an action against an entity of which an officer is an agent …. [A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (internal quotations and citations omitted). This means that claims against Defendants Warnecke, Ellis, Rummer, and Stapleton of the WCHPD (an arm of the City of Washington Court House) in their official capacity are considered claims against the

City of Washington Court House. Similarly, claims against Defendants Jackson, Cash, Bivens, and McFarland of the FCSO in their official capacities are considered claims against Fayette County.

"It is firmly established that a municipality . . . cannot be held liable under Section 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby Ct., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000). That is, "a municipality cannot be held liable *solely* because it employs a tortfeasor." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a municipality will only be liable if the plaintiff pleads and proves that a municipal custom or policy caused the alleged unconstitutional conduct. *Id*. at 691. This "'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembauer v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Therefore, a plaintiff cannot hold municipalities and other governmental entities responsible for a constitutional deprivation unless he pleads and proves that there is direct causal link between an official policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Not only must there be a direct causal link, but the municipal policy must also be the "moving force" behind the alleged deprivation. *Polk Cty. v. Dodson*, 454 U.S. 312 (1981).

"A municipality may be held liable under one of four recognized theories: '(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of

inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.'" *Morgan v. Wayne Cty.*, 33 F.4th 320, 328 (6th Cir. 2022) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).

Here, Plaintiff has not alleged any facts from which the Court could conclude that an official policy or custom of Washington Court House or Fayette County resulted in a violation of Plaintiff's constitutional rights. Accordingly, the undersigned **RECOMMENDS** that all claims against the remaining Individual Defendants in their *official* capacities should be **DISMISSED**.

## IV. CONCLUSION

Having screened the Complaint, the undersigned Magistrate Judge **ORDERS** that Plaintiff be permitted to proceed at this time with the following claims:

- Excessive force claims against Defendants Warnecke, Ellis, and Rummer in their individual capacities only;
- A failure-to-intervene claim against Defendant Stapleton in his individual capacity only;
- Conditions of confinement claims against Defendants Jackson, Cash, Bivens, and McFarland in their individual capacities only; and
- A false imprisonment claim (also referred to as an over-detention claim) against Defendant McFarland in his individual capacity only.

The Court notes that Plaintiff has provided the appropriate service documents for the eight Defendants against whom claims are proceeding. (*See* Doc. No. 1-4 (Summons

16

Forms) and Doc. No. 1-5 (USM-285 Forms).) The Clerk of Court is **DIRECTED** to forward copies of the Complaint and appropriate service documents to the United States Marshal Service. Thereafter, the United States Marshal Service is **DIRECTED** to serve a copy of the Summons, the Complaint, and this Order on Defendants Warnecke, Ellis, Rummer, Stapleton, Jackson, Cash, Bivens, and McFarland. The costs of service shall be advanced by the United States.

The undersigned **RECOMMENDS** that the District Judge **DISMISS WITHOUT PREJUDICE** all remaining claims asserted in the Complaint, including:

- All claims against Defendants Washington Court House Police Department and Fayette County Sheriff's Office;
- All claims against Defendants Anderson, Dean, Garland, Weidman, and Funari; and
- All <u>official capacity</u> claims against Defendants Warnecke, Ellis, Rummer, Stapleton, Jackson, Cash, Bivens, and McFarland. Plaintiff's claims against these Defendants in their individual capacities shall be allowed to proceed.

The undersigned further **RECOMMENDS** that the Court find that an appeal of the dismissals recommended herein would not be taken in good faith, and deny Plaintiff leave to appeal *in forma pauperis*.

Plaintiff may file Objections to these recommendations in the manner described in the section below. He is reminded that he must keep this Court informed of his current address while this case is pending.

The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the Court's Pro Se Handbook for his use in this case.

**IT IS SO ORDERED AND RECOMMENDED.**

s/ Caroline H. Gentry
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).