UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RANDY DEAN NICHOLS,**

    **Plaintiff,**

    v.

**JOHN MICHAEL WARNECKE,** *et al.*,

    **Defendants.**

Case No. 2:24-cv-104
Judge Edmund A. Sargus, Jr.
Magistrate Judge Caroline H. Gentry

### ORDER

Plaintiff Randy Dean Nichols, who is proceeding without the assistance of counsel, brought this action under 28 U.S.C. § 1983 against several law enforcement officers after his arrest by officers with the Washington Court House Police Department. (Compl., ECF No. 4.) This matter is before the Court on the Order and Report and Recommendation issued by the Magistrate Judge on December 19, 2024. (Order and R&R, ECF No. 8.) In that Order and R&R, the Magistrate Judge conducted an initial screen of Mr. Nichols's Complaint as required by 28 U.S.C. § 1915A(a). (*Id.* PageID 138.)

After conducting the initial screen, the Magistrate Judge recommends that several of Mr. Nichols's claims be dismissed without prejudice. First, "[a]ll claims against Defendants Washington Court House Police Department and Fayette County Sheriff's Office" because law enforcement agencies are improper defendants under § 1983. (*Id.* PageID 146–47, 153.) Second, "[a]ll claims against [Fayette County Commissioner] Defendants Anderson, Dean, Garland, Weidman, and Funari" for failing to state a claim on which relief may be granted. (*Id.* PageID 148–49, 153.) Third, "[a]ll official capacity claims against Defendants Warnecke, Ellis, Rummer, Stapleton, Jackson, Cash, Bivens, and McFarland." (*Id.* PageID 150–53.)

But the Magistrate Judge ordered that Mr. Nichols be permitted to proceed on the claims below:

- Excessive force claims against Defendants Warnecke, Ellis, and Rummer in their individual capacities only;
- A failure-to-intervene claim against Defendant Stapleton in his individual capacity only;
- Conditions of confinement claims against Defendants Jackson, Cash, Bivens, and McFarland in their individual capacities only; and
- A false imprisonment claim (also referred to as an over-detention claim) against Defendant McFarland in his individual capacity only.

(Order and R&R, PageID 152.)

Once a magistrate judge issues a report and recommendation, the relevant statute provides:

Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). The failure to file written objections to a magistrate judge's report and recommendation waives a de novo determination by the district court of any issues addressed in the report and recommendation. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Mr. Nichols was advised of his right to object to the Order and R&R and of the consequences of failing to do so (Order and R&R, PageID 154), but he did not file a timely objection. Accordingly, Mr. Nichols waived a de novo review of the Order and R&R.

The Court has reviewed the Order and R&R, agrees with the recommendations stated therein, and **ADOPTS** and **AFFIRMS** the Order and R&R. (ECF No. 8.) The claims below are **DISMISSED WITHOUT PREJUDICE**:

- All claims against Defendants Washington Court House Police Department and Fayette County Sheriff's Office;
- All claims against Defendants Anderson, Dean, Garland, Weidman, and Funari; and
- All official capacity claims against Defendants Warnecke, Ellis, Rummer, Stapleton, Jackson, Cash, Bivens, and McFarland. Mr. Nichols's claims against these Defendants in their individual capacities, however, may proceed.

Mr. Nichols may proceed with his remaining claims, as specified in the Order and R&R. (*Id.* PageID 152.) Finally, the Court **CERTIFIES** that an appeal of this Order would not be taken in good faith, and Mr. Nichols is therefore denied leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).

This case remains open.

**IT IS SO ORDERED.**

| | |
|---|---|
| **1/21/2025** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |